UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

PAUL FRIEDMAN, et al.       ]
                            ]
v.                          ]    No. 1-00-0065
                            ]    Judge Higgins
GILES COUNTY ADULT-ORIENTED ]
ESTABLISHMENT BOARD, et al. ]

MEMORANDUM

The Court has before it the motion (filed October 26, 2001; Docket Entry No. 58) of Gerry C. Clardy to intervene, his memorandum (Docket Entry No. 60) in support and the defendants' response (filed November 8, 2001; Docket Entry No. 61).

For the reasons set forth below, the Court shall deny Mr. Clardy's motion.

I.

Gerry C. Clardy originally filed his motion on October 26, 2001, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene as a plaintiff in the above-styled lawsuit.[1] Rule 24 provides in part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the

---

[1] Although Mr. Clardy's motion and proposed complaint asserts that he is moving to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, in his memorandum he seems to argue pursuant to Rule 24(a)(2) as well. The Court will therefore address his motion with regard to both subsections.

action and the applicant is so situated that the
disposition of the action may as a practical matter
impair or impede the applicant's ability to protect that
interest, unless the applicant's interest is adequately
represented by existing parties.

(b) Permissive Intervention. Upon timely application
anyone may be permitted to intervene in an action: . . .
(2) when an applicant's claim or defense and the main
action have a question of law or fact in common. . . .
In exercising its discretion the court shall consider
whether the intervention will unduly delay or prejudice
the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(a)(2), (b)(2).

Mr. Clardy asserts that he shares an interest with the plaintiffs contesting the constitutional validity of the Adult-oriented Establishment Registration Act of 1998, Tennessee Code Annotated § 7-51-1101 et seq., or in the alternative, that his claim raises questions of law and fact in common with the original plaintiffs' claims. Also, he challenges the civil disabilities provision of the Act, an issue to which he admits that none of the original plaintiffs have standing to contest. Therefore, he asserts that judicial economy would be better served by granting his motion because if denied he will be required to file an original action involving the same subject matter as the instant, pending action.

II.

At the time of filing his motion, Mr. Clardy was employed as a manager and shift cashier at Expressway Books and Gifts in Elkton, Giles County, Tennessee. Affidavit (filed October 26,

2

2001; Docket Entry No. 59) of Gerry C. Clardy, ¶ 2. On January 23, 2001, he entered a plea of guilty in the Circuit Court for Coffee County, Tennessee, on two counts of the misdemeanor offense of selling adult materials to a minor, with said offenses occurring on July 12 and July 16, 2000. Id., ¶ 3.

Because of these convictions, he contends that under the civil disabilities provision of the Registration Act he will be unable to obtain a permit necessary to exercise his First Amendment right to sell non-obscene material to adults. According to the provision, an individual who is convicted of a "specified criminal act"[2] is prohibited from obtaining a permit to work in an adult-oriented establishment if it has been less than two years since the

---

[2]Tennessee Code Ann. § 7-51-1102(25) (2001) defines a "specified criminal act" as follows:

> (A) Aggravated rape;
> (B) Rape;
> (C) Rape of a child;
> (D) Aggravated sexual battery;
> (E) Sexual battery by an authority figure;
> (F) Sexual battery;
> (G) Statutory rape;
> (H) Public indecency;
> (I) Prostitution;
> (J) Promoting prostitution;
> (K) Distribution of obscene materials;
> (L) Sale, loan or exhibition to a minor of material harmful to minors;
> (M) The display for sale or rental of material harmful to minors;
> (N) Sexual exploitation of a minor;
> (O) Aggravated sexual exploitation of a minor; and
> (P) Especially aggravated sexual exploitation of a minor[.]

3

applicant was convicted for a misdemeanor offense, or less than five years since the applicant was convicted for a felony offense, or less than five years since the applicant was convicted for two or more misdemeanor offenses occurring within any twelve-month period. Tenn. Code. Ann. § 7-51-1117(a)(A)-(C).

Mr. Clardy contends that in the absence of an opportunity to assert his claim through intervention in this lawsuit, his interest in the continued exercise of his rights of free expression would be significantly impaired. He maintains that intervention in the instant lawsuit furnishes the most expeditious means for challenging the civil disabilities provision in the Registration Act and that because his interest in the outcome of this litigation is not an interest which the original plaintiffs have standing to assert, his interest can only be adequately protected through his intervention in this lawsuit.

### III.

Under 24(a)(2), the following four criteria must be met before intervention of right will be granted:

> (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; <u>and</u> (4) that the parties already before the court may not adequately represent their interest.

Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999) (emphasis added). With regard to 24(b)(2), a court in its discretion may grant permissive intervention if the motion is timely and there is

4

at least one common question of law and fact and the intervention will not cause undue delay or prejudice in the adjudication of the rights of the original parties. Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000).

Therefore, regardless of whether a movant is proceeding pursuant to 24(a)(2) or 24(b)(2), a court must first determine if the motion to intervene is timely. United States v. Martsen Apartments, Inc., 175 F.R.D. 265, 267 (E.D. Mich. 1997). In making such a determination, a court should consider the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Jordan v. Michigan Conference of Teamsters Welfare Fund, 207 F.3d 854, 862 (6th Cir. 2000).

Mr. Clardy committed the offense of selling adult materials to a minor on July 12 and July 16, 2000. From that point on, he could have moved to intervene in this lawsuit until waiting to do so on October 26, 2001. Although he contends that the licensing board voluntarily agreed to forego the enforcement of the Registration Act pending a ruling for the preliminary injunction and that he

5

therefore had no need to intervene, the licensing board stated in a letter that its decision to refrain from enforcing the Act was "not to be considered a binding opinion or decision of the [b]oard" and was "subject to change." Clerk's resume (filed October 18, 2000; Docket Entry No. 40) hearing on preliminary injunction, attachment thereto, plaintiffs' exhibit 7, letter dated July 6, 2000. Since his conviction on both counts in January, 2001, Mr. Clardy was aware that the board's decision was subject to change and that none of the original plaintiffs had standing to challenge the civil disabilities provision of the Act. At some point, in order to challenge the disabilities provision, Mr. Clardy was going to have to file a complaint or move to intervene. He had ample time to do so before October 26, 2001. Accordingly, his motion is not timely.

Further, with regard to Mr. Clardy's claim concerning the Registration Act's civil disabilities provision, the Court notes that about six weeks after he filed his motion to intervene, the United States Court of Appeals for the Sixth Circuit in <u>Deja Vu of Nashville, Inc. v. Metropolitan Gov't of Nashville</u>, 274 F.3d 377, 389-91 (6th Cir. 2001) ruled against the plaintiffs' challenge to the civil disabilities provision of a Nashville, Tennessee, ordinance that contained virtually the same prohibitions as the ones of which Mr. Clardy complains. Presumably, the Sixth

6

Circuit's decision moots Mr. Clardy's claim. If not, he is always free to address this claim in a separate lawsuit.

Moreover, with regard to 24(a)(2), the Court finds further that Mr. Clardy does not share a substantial legal interest with the original plaintiffs in the subject matter of the case and if he does, his interest will be adequately protected as they share the same counsel. Although the original plaintiffs do not have standing to challenge the civil disabilities provision, Mr. Clardy, as previously stated, may file his own complaint challenging the Registration Act as Angela Kaye Belew and Kathryn Theresa Piper, who are also represented by the same counsel, did in this Court in <u>Belew v. Giles County Adult-Oriented Bd.</u>, 1:01-0139 (filed December 27, 2001).

Accordingly, for the reasons stated above, Mr. Clardy's motion (Docket Entry No. 58) to intervene is denied.

An appropriate order shall be entered.

/s/ Thomas A. Higgins
Thomas A. Higgins
United States District Judge
9-29-05

7